IN THE UNITED STATES DISTRICT COUR FOR THE WESTERN DISTRICT OF PENNYSYLVANIA

| | |
|---|---|
| JOSE A. YANEZ and LISSY YANEZ, | CIVIL ACTION NO. 2:19-CV-120 |
| PLAINTIFFS, | JUDGE Cercone |
| v. | |
| FARMON S. SAQRIEV and ASA LOGISICS, INC., | JURY TRIAL DEMANDED |
| DEFENDANTS. | |

## COMPLAINT IN CIVIL ACTION

AND NOW, come Plaintiffs, Jose A. Yanez and Lissy Yanez, by and through their attorneys, George R. Farneth II, Esquire and The Farneth Law Group, LLC and file this Complaint in Civil Action, averring as follows:

## PARTIES

1. Plaintiff, Jose A. Yanez ("Mr. Yanez") is an adult individual who, at all times pertinent hereto, resided at 1030 W. 22nd Street, Lorain, Ohio 44052.

2. Plaintiff, Lissy Yanez ("Mrs. Yanez") is an adult individual who, at all times pertinent hereto, resided at 1030 W. 22nd Street, Lorain, Ohio 44052.

3. At all times pertinent hereto, Mr. Yanez and Mrs. Yanez have been and are happily married and co-habitating.

4. Mr. Yanez and Mrs. Yanez will sometimes hereinafter be collectively referred to as "Plaintiffs".

5. Defendant, Farmon S. Saqriev ("Saqriev") is an adult individual who, at all times pertinent hereto, resided at 1940 Ocean Avenue, Apartment 1g, Brooklyn, NY 11230 and who maintained a principal place of business located at 2351 S. Cannon Drive #H2, Mount Prospect, Illinois 60056.

6. Defendant, ASA Logistics, Inc. ("ASA") is believed to be an Illinois corporation which, at all times pertinent hereto, was authorized to and was doing business throughout the United States, including the Commonwealth of Pennsylvania, and maintained a principal place of business located at 2351 S. Cannon Drive #H2, Mount Prospect, Illinois 60056.

7. Saqriev and ASA will sometimes hereinafter be collectively referred to as "Defendants."

8. Plaintiffs believe and therefore aver that, at all times pertinent hereto, ASA was acting by and through its authorized agents, servants, employees, and representatives, including but not limited to Saqriev, who were then and there acting within the course and scope of their employment and/or agency relationship with ASA, in accordance with the authority that was extended to them by ASA, in furtherance of the business operations of ASA, and for the economic gain and benefit of Defendants.

## JURISDICTION AND VENUE

9. At the time of the events that give rise to the instant action, Defendants were the owners, lessees and operators of a tractor-trailer that was being operated on Interstate 80 in Jefferson County, Pennsylvania.

10. The subject accident occurred in Jefferson County, Pennsylvania.

Jurisdiction and venue are proper in this Honorable Court, in that all the claims set forth herein arose in Jefferson County, Pennsylvania which is in the Western District of Pennsylvania.

## STATEMENT OF FACTS

11. All the events which give rise to the instant litigation occurred on and/or after February 11, 2017.

12. Plaintiffs believe and therefore aver that, at all times pertinent hereto, ASA was the owner or lessee and Saqriev was the operator of a 2009 Volvo Tractor-Trailer bearing Illinois license plate number P894728 ("Defendants' Truck").

13. Plaintiffs believe and therefore aver that, at all times pertinent hereto, Saqriev was operating the Tractor with the full knowledge, consent and permission of ASA.

14. On February 11, 2017 at approximately 12:21 a.m., Mr. Yanez was carefully, prudently, and lawfully operating a white 2009 Volvo Tractor-Trailer ("Mr. Yanez's Truck") eastbound, uphill in the right-hand lane of Interstate 80 near mile marker 82.8 in Pine Creek Township, Jefferson County, Pennsylvania.

15. At the same time and place, Saqriev was negligently, carelessly and recklessly operating Defendants' Truck eastbound in the right-hand lane of Interstate 80 near mile marker 82.8 in Pine Creek Township, Jefferson County, Pennsylvania behind, but rapidly approaching Mr. Yanez's Truck.

16. As he was traveling eastbound in the right-hand lane of Interstate 80 near mile marker 82.8, Mr. Yanez's Truck experienced a sudden and unexpected loss of power.

17. As a result, Mr. Yanez activated his flashers and steered Mr. Yanez's Truck off the roadway and onto the right (south) shoulder.

18. Suddenly, without warning, and because he was traveling too fast for conditions, Mr. Saqriev caused Defendants' Truck to violently strike the back of Mr. Yanez's Truck ("Collision").

19. As a result of the violent and devastating nature and force of the Collision, Mr. Yanez's Truck was forced off the right (south) shoulder into a snow-covered ditch line and the trailer was caused to jack-knife by rotating approximately 90 degrees and continue traveling eastbound in a forward clockwise manner for approximately 155 feet before coming to a final resting point blocking the right-hand lane of Interstate 80 east.

20. As a result of the speed of Defendants' Truck and the violent and devastating nature and force of the Collision, Defendants' Truck continued traveling eastbound approximately 200 feet before coming to a final resting point facing southeast.

21. As a result of the violent and devastating nature and force of the Collision, Mr. Yanez's Truck, and in particular the trailer, sustained severe damage and Defendants' Truck sustained severe damage to the entire tractor.

22. At the time of the Collision, visibility was clear, the weather was good, and, therefore, Saqriev should have seen and been able to avoid Mr. Yanez's Truck and the Collision.

23. Based on the investigation of the Collision that was performed by the Pennsylvania State Police it was determined Saqriev was the sole cause of the Collision.

24. Because of his negligent, careless and reckless operation of Defendants' Truck, Saqriev was charged and either plead guilty to or was found guilty of violating various provisions of the Pennsylvania Motor Vehicle Code, including but not limited to Careless Driving, Driving on Roadways Laned For Traffic, and Following Too Closely.

25. Plaintiffs believe and therefore aver that Saqriev was distracted as a result of his texting, otherwise using his cellular telephone or some other electronic device, or for other reasons, in direct violation of applicable law, which conduct, at a minimum, constitutes a reckless disregard for the rights and safety of third parties, including Mr. Yanez.

26. As a sole, direct, proximate, and legal result of Defendants' individual and collective negligence, carelessness and recklessness as set forth herein, Mr. Yanez has sustained the following severe and serious personal injuries, all of which are or may be permanent in nature:

   a. Injuries to his lower left arm with throbbing pain and general weakness requiring a splint;

   b. Injuries to his right index finger with numbness, tingling and pain requiring a splint;

   c. Traumatic head, neck, left shoulder, , left hand, mid-back, lower back, right leg and left foot injuries, including significant pain, numbness, tingling, and radiation; unsure of his medical injuries

   d. Traumatic injuries to his cervical spine, including sprains, strains, numbness, tingling and pain;

   e. Traumatic injuries to his thoracic spine, including sprains, strains, numbness, tingling and pain;

   f. Traumatic injuries to his lumbar spine, including sprains, strains, numbness, tingling and pain;

   g. Whiplash;

   h. Extreme mental and physical fatigue;

   i. Extreme irritability, emotional distress and anxiety;

   j. Difficulty sleeping, sitting, standing, stretching, bending, and/or kneeling;

   k. Difficulty with walking up and down stairs;

   l. Significantly impaired mobility, dexterity, flexion, and extension;

   m. Difficulty performing her normal activities of daily living;

    n.    Degenerative arthritis;

    o.    Aggravation of pre-existing medical/surgical conditions;

    p.    Significant pain when trying to lift heavy objects;

    q.    Leg weakness;

    r.    Difficulty performing his normal activities of daily living;

    s.    Injuries to the muscles, tissues, ligaments, blood vessels, arteries, and bones throughout his body;

    t.    Bruises and contusions;

    u.    Severe and serious internal injuries;

    v.    Shock and injuries to his nerves and nervous system; and

    w.    Other severe and serious injuries that will be more specifically defined by Plaintiff's treating physicians.

27. As a direct, proximate, and legal result of Defendants' individual and collective negligence, carelessness and recklessness as set forth herein, Mr. Yanez has suffered the following severe and serious damages, losses and harm, all of which are or may be permanent in nature:

    a.    He has suffered and will continue to suffer severe physical pain, anxiety, depression, embarrassment, humiliation, emotional distress, mental anguish, inconvenience, and a loss of life's pleasures;

    b.    He has been and will continue to be obligated to receive and undergo medical attention, care and treatment and has spent and will continue to spend significant sums of money to restore his health;

    c.    He has suffered and continues to suffer from injuries that affect his ability to engage in his normal daily activities and otherwise enjoy life;

    d.    He has been permanently physically impaired;

    e.    His earning capacity and power have been impaired;

    f.    His general health, strength and vitality have been greatly impaired, thereby depriving his of the normal joys of life;

      g.     He has suffered other severe and significant damages, losses, and harm.

28.    Plaintiffs believe and therefore aver that one or more liens are or may be asserted against any recovery Plaintiffs makes in this instant action.

## COUNT ONE

## PLAINTIFFS VS. DEFENDANT, FARMON S. SAQRIEV

### NEGLIGENCE, CARELESSNESS AND RECKLESSNESS

29.    Plaintiffs incorporate herein by reference as though fully set forth at length paragraphs 1 through 28 above.

30.    The Collision and all of Plaintiffs' severe, serious and permanent injuries, damages, losses, and harm were the direct, proximate, and legal result of the negligence, carelessness and recklessness of Saqriev generally and in the following particulars:

    a.     In operating Defendants' Truck in a careless, reckless and negligent fashion;

    b.     In failing to maintain control of Defendants' Truck;

    c.     In traveling too fast;

    d.     In causing the Collision;

    e.     In ignoring and/or or failing to obey posted traffic signs;

    f.     In driving too close to Mr. Yanez's Truck;

    g.     In failing to operate Defendants' Truck in a careful, prudent and reasonable manner to avoid the Collision;

    h.     In operating Defendants' Truck in the manner he did when he knew or, in the exercise of reasonable care and diligence, should have known that further operation in that manner would result in the Collision;

    i.      In failing to operate Defendants' Truck with due care and regard for the rights, safety and position of the public, including but not limited to Mr. Yanez;

    j.      In failing to stop Defendants' Truck before the violent Collision;

    k.      In failing to maintain a proper lookout and watch where he was driving;

    l.      In failing to avoid an open, obvious and known danger;

    m.     In failing to possess the requisite level of education, training, skill, and experience necessary to safely operate Defendants' Truck; and

    n.     In negligently violating various laws, statutes, ordinances, and provisions of the Pennsylvania Motor Vehicle Code relating to the safe operation of motor vehicles which constitutes negligence per se.

31.    As a direct, proximate and legal result of Saqriev's negligence, carelessness and recklessness as aforesaid, Plaintiffs have suffered and will continue to suffer the aforementioned severe and serious injuries, damages, losses, and harm.

32.    Saqriev's violation of the various laws, statutes, ordinances, and provisions of the Pennsylvania Motor Vehicle Code constitutes negligence per se which was the direct, proximate, and legal cause of the Collision and all of Plaintiffs' severe, serious and permanent injuries, damages, losses, and harm.

33.    Based on the specific facts and circumstances of this case, Saqriev's conduct demonstrated a reckless indifference to rights, safety and position of Mr. Yanez and warrants the imposition of punitive damages against him.

WHEREFORE, Plaintiffs, Jose A. Yanez and Lissy Yanez, pray for judgment in their favor and against Defendant, Farmon S. Saqriev for compensatory damages, punitive damages, statutory interest, and such other relief as this Honorable Court deems appropriate.

## COUNT TWO

## PLAINTIFFS VS. DEFENDANT, ASA LOGISTICS, INC.

### NEGLIGENCE, CARLESSNESS AND RECKLESSNESS

34. Plaintiffs incorporate herein by reference as though fully set forth at length paragraphs 1 through 33 above.

35. The Collision and all of Plaintiffs' severe, serious and permanent injuries, damages, losses, and harm were the direct, proximate, and legal result of the negligence, carelessness and recklessness of ASA, generally and in the following particulars:

   a. In failing to properly train, instruct and inform its agent, servant, employee, and/or representative, Saqriev, as to how to safely drive and operate Defendants' Truck.

   b. In failing to properly train, instruct and inform its agent, servant, employee, and/or representative, Saqriev, to refrain from operating Defendants' Truck when he was distracted or unable to devote his full attention to doing so;

   c. In failing to thoroughly research Saqriev's prior employment and driving history before hiring him and entrusting Defendants' Truck to him;

   d. In failing to sufficiently test Saqriev to ensure he was capable of and would safely operate Defendants' Truck;

   e. In failing to properly supervise Saqriev to ensure he safely operated Defendants' Truck;

   f. In entrusting Defendants' Truck to its agent, servant, employee, and/or representative, Saqriev, whom it knew or should have known he would operate Defendants' Truck in a negligent, careless or reckless manner;

   g. In authorizing, instructing, and/or encouraging Saqriev to drive Defendants' Truck fast so deliveries could be made quickly;

   h. In failing to require that its agent, servant, employee, and/or representative, Saqriev, obeyed all posted traffic control signs, observed all traffic on the roadways, and safely operated Defendants' Truck;

   i. In failing to require that its agent, servant, employee, and/or representative, Saqriev, operate Defendants' Truck in a safe, prudent and reasonable manner in compliance with the Pennsylvania Motor Vehicle Code and all

      other applicable laws, statutes, ordinances, rules, regulations, and directives;

j. In permitting its agent, servant, employee, and/or representative, Saqriev, to operate Defendants' Truck in a dangerous manner under the circumstances;

k. In failing to require that its agent, servant, employee, and/or representative, Saqriev, operate Defendants' Truck under control to avoid the Collision;

l. In failing to require that its agent, servant, employee, and/or representative, Saqriev, operate Defendants' Truck in a careful, prudent and appropriate manner under the circumstances;

m. In allowing Saqriev to operate Defendants' Truck in an unsafe, dangerous and hazardous manner;

n. In allowing Saqriev to travel too fast and in a careless manner;

o. In permitting its agent, servant, employee, and/or representative, Saqriev, to operate Defendants' Truck in the way he did, which resulted in the Collision and all of Plaintiffs' severe, serious and permanent injuries, damages, losses, and harm;

p. In failing to properly supervise, direct and control its agent, servant, employee, and/or representative, Saqriev;

q. In negligently permitting its agent, servant, employee, and/or representative, Saqriev to operate Defendants' Truck in violation of the Pennsylvania Motor Vehicle Code and other applicable laws, statutes, ordinances, rules, regulations, and directives relating to the safe operation of motor vehicles on public thoroughfares; and

r. In failing to identify and appoint a substitute driver of Defendants' Truck when it knew or should have known of the unsafe, dangerous and hazardous way in which its agent, servant, employee, and/or representative, Saqriev, would operate and/or was operating Defendants' Truck, generally and in particular, the fact that its agent, servant, employee, and/or representative, Saqriev, was operating Defendants' Truck in violation of the Pennsylvania Motor Vehicle Code and other applicable laws, statutes, ordinances, rules, regulations, and directives relating to the safe operation of motor vehicles on public thoroughfares.

36. It was reasonably foreseeable, and ASA knew and/or should have known that if it engaged in the aforementioned conduct, events such as those that caused the Collision, the

Collision itself, and the severe, serious and permanent injuries, damages, losses, and harm that Plaintiffs suffered and will continue to suffer were likely to and would, in fact, occur.

37. As a direct, proximate, and legal result of the negligence, carelessness and recklessness of ASA as aforesaid, Plaintiffs have sustained the aforementioned severe, serious and permeant injuries, damages, losses, and harm.

WHEREFORE, Plaintiff, Jose A. Yanez and Lissy Yanez, pray for judgment in their favor and against Defendant, ASA Logistics, Inc., for compensatory damages, statutory interest, and such other relief as this Honorable Court deems appropriate.

## COUNT THREE

## PLAINTIFFS VS. DEFENDANT, ASA LOGISTICS, INC.

### VICARIOUS LIABILITY

38. Plaintiffs incorporate herein by reference as though fully set forth at length paragraphs 1 through 37 above.

39. Plaintiff believes and therefore avers that, at the time of the Collision, Saqriev was acting as an agent, servant, employee, and/or representative of and/or for the benefit of ASA and was operating Defendants' Truck with the full knowledge, consent and permission of ASA.

40. ASA is vicariously liable to Plaintiffs for the negligence, carelessness, and recklessness of its agent, servant, employee, and/or representative, Saqriev, under principles of respondent superior and ostensible agency.

41. As a direct, proximate and legal result of the negligence, carelessness and recklessness of Defendants as aforesaid, Plaintiffs have sustained the aforementioned severe, serious and permanent injuries, damages, losses, and harm.

WHEREFORE, Plaintiff, Jose A. Yanez and Lissy Yanez, pray for judgment in their favor and against Defendant, ASA Logistics, Inc., for compensatory damages, statutory interest, and such other relief as this Honorable Court deems appropriate.

## COUNT FOUR

### PLAINTIFF, LISSY YANEZ VS. DEFENDANTS, FARMON S. SAQRIEV AND ASA LOGISTICS, INC.

### LOSS OF CONSORTIUM

42. Plaintiffs incorporate herein by reference as though fully set forth at length Paragraphs 1 through 41 above.

43. At all times pertinent hereto, Plaintiffs were and still are happily married and cohabitating as husband and wife.

44. As a sole, direct, proximate, and legal result of Defendants' individual and collective careless, reckless, negligent, and recklessly indifferent conduct as aforesaid, Mrs. Yanez has suffered a loss of Mr. Yanez's love, affection, support, companionship, assistance, society, consortium, and services which he previously enjoyed.

45. As a sole, direct, proximate, and legal result of Defendants' individual and collective careless, reckless, negligent, and recklessly indifferent conduct as aforesaid, Mrs. Yanez has incurred and, in the future, will incur significant medical, hospital, and other treatment related bills and out-of-pocket expenses for and/or on behalf of Mr. Yanez all in an effort to care for and help her husband, Mr. Yanez, to treat for and recover from the injuries he suffered in the Collision.

WHEREFORE, Plaintiff, Jose A. Yanez and Lissy Yanez, pray for judgment in their favor and against Defendant, ASA Logistics, Inc., for compensatory damages, statutory interest, and such other relief as this Honorable Court deems appropriate.

Respectfully Submitted,

THE FARNETH LAW GROUP, LLC

By: _____
George R. Farneth II, Esquire
PA ID# 53914
WV ID# 10749

845 Charles Street (Primary Address)
Wellsburg WV  26070

560 Rugh Street, Suite 150
Greensburg, PA  15601

(412) 977-7779